# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 23-916V

| | |
|---|---|
| CHEERANJIVA DHANRAJH,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: February 26, 2024 |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION AWARDING DAMAGES**[1]

On June 16, 2023, Cheeranjiva Dhanrajh filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 14, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On February 22, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $112,703.22 (comprised of $112,500.00 for pain and suffering and lost earnings, and $203.22 for past unreimbursed expenses). Proffer at 1. In the Proffer, Respondent

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

   Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $112,703.22 (comprised of $112,500.00 for pain and suffering and lost earnings, and $203.22 for past unreimbursed expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

   The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

   **IT IS SO ORDERED.**

                                                                       **s/Brian H. Corcoran**
                                                                       Brian H. Corcoran
                                                                       Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| CHEERANJIVA DHANRAJH,              ) <br> )<br> Petitioner,           )<br> )<br>v.                                                      )<br> )<br>SECRETARY OF HEALTH       )<br>AND HUMAN SERVICES,        )<br> )<br> Respondent.         )<br> ) | No. 23-916V **(ECF)**<br>Chief Special Master Corcoran |

## **RESPONDENT'S PROFFER ON AWARD OF DAMAGES**

On December 4, 2023, respondent, the Secretary of Health and Human Services, filed his Rule 4(c) Report conceding entitlement to compensation in this matter alleging a Shoulder Injury Related to Vaccine Administration following an influenza vaccination.  ECF Doc. 14.  On December 14, 2023, the Court entered its Ruling on Entitlement, finding petitioner Cheeranjiva Dhanrajh entitled to Vaccine Act compensation.  ECF Doc. 15.  Respondent now proffers that petitioner receive a compensation award consisting of a lump sum of **$112,703.22**, which amount includes $112,500.00 for pain and suffering and lost earnings, and $203.22 for past unreimbursed expenses, in the form of a check payable to petitioner, Cheeranjiva Dhanrajh.[1] This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[2]

---

[1] Petitioner is a competent adult.  No guardianship is required.

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

Petitioner agrees with the proffered award of $112,703.22.[3]

                Respectfully submitted,

                BRIAN M. BOYNTON
                Principal Deputy Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Director
                Torts Branch, Civil Division

                HEATHER L. PEARLMAN
                Deputy Director
                Torts Branch, Civil Division

                TRACI R. PATTON
                Assistant Director
                Torts Branch, Civil Division

                <u>s/Voris E. Johnson, Jr.</u>
                VORIS E. JOHNSON, JR.
                Senior Trial Attorney
                Torts Branch, Civil Division
                U. S. Department of Justice
                P.O. Box 146, Benjamin Franklin Station
                Washington, D.C. 20044-0146
                Direct Dial: 202-616-3667
                Email: Voris.Johnson@usdoj.gov

Date:   February 22, 2024

---

[3] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).